# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

| | |
|---|---|
| HOLLIS JACKSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 05-3254-CV-S-DW |
| ) | |
| WINDSOR REPUBLIC DOORS, ) | |
| ) | |
| Defendant. ) | |

## TRIAL ORDER

This case is hereby set for jury trial on the trial docket which commences June 4, 2007, and continues through the end of the week of June 11, 2007, and the following schedule of pretrial filing deadlines is hereby established:

(a) On or before April 16, 2007, the parties shall file a stipulation of any uncontroverted facts. If no stipulated facts can be agreed upon, including facts related to the court's subject matter or personal jurisdiction, the parties shall file a joint statement to that effect.

(b) On or before April 23, 2007, each party asserting an affirmative claim or claims for relief (plaintiff, third party plaintiff, counterclaiming defendant, cross-claiming defendant, etc.) shall:

>   (1) Serve and file a list of all witnesses who may be called at trial by that party in connection with such claim or claims;

(2) Serve and file a list of all exhibits which may be offered at trial by that party in connection with such claim or claims. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. Make its exhibits available for inspection by the opposing party at the time of filing, and said exhibits shall remain available for inspection until seven (7) days before trial.

(3) Serve and file a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case-in-chief in connection with such claim or claims; and

(4) Serve and file a complete set of all proposed jury instructions in accordance with Local Rule 51.1. Prepare the instructions on a computer using Word Perfect, and please submit the proposed instructions (original and copy) to the courtroom deputy on a floppy disk as well as paper. Such instructions shall be taken from or drawn in the manner of Missouri Approved Instructions (MAI) or the Model Civil Jury Instructions for the 8th Circuit, whichever is appropriate for the claims raised in this case.

<u>Please note</u> that a witness not listed in accordance with this paragraph (b) will <u>not</u> be permitted to testify, except for good cause shown and with leave of court; and that an exhibit not listed or deposition testimony not designated in accordance with this paragraph (b) will <u>not</u> be received in

evidence, except for good cause shown and with leave of court. All witnesses shall be instructed to be available for testimony as of the first day of trial scheduled herein, should the Court so require.

(c) On or before April 30, 2007, each party defending against an affirmative claim for relief shall:

(1) Serve and file a list of all witnesses who may be called at trial by that party in connection with such defense;

(2) Serve and file a list of all exhibits which may be offered at trial by that party in connection with such defense. Each exhibit so listed shall be pre-marked and numbered. If only a portion of an exhibit is to be offered, the portion to be offered shall be specifically identified. Make its exhibits available for inspection by the opposing party at the time of filing, and said exhibits shall remain available for inspection until seven (7) days before trial.

(3) Serve and file a designation of those exhibits listed by any other party pursuant to subparagraph (b)(2), as to which identification and authentication is waived;

(4) Serve and file any objections to proposed deposition testimony designated by any other party pursuant to subparagraph (b)(3);

(5) Serve and file a designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by other parties pursuant to subparagraph (b)(3);

(6) Serve and file a designation, by page and line number, of any deposition testimony to be offered in evidence as a part of that party's case-in-chief in connection with such defense; and

(7) Serve and file a complete set of all proposed jury instructions in accordance with Local Rule 51.1. Prepare the instructions on a computer using Word Perfect, and please submit the proposed instructions (original and copy) to the courtroom deputy on a floppy disk as well as paper. Such instructions shall be taken from or drawn in the manner of Missouri Approved Instructions (MAI) or the Model Civil Jury Instructions for the 8th Circuit, whichever is appropriate for the claims raised in this case.

Please note that a witness not listed in accordance with this paragraph (c) will not be permitted to testify, except for good cause shown and with leave of court; and that an exhibit not listed or deposition testimony not designated in accordance with this paragraph (c) will not be received in evidence, except for good cause shown and with leave of court. All witnesses shall be instructed to be available for testimony as of the first day of trial scheduled herein, should the Court so require.

(d) On or before May 7, 2007, each party asserting an affirmative claim or claims for relief shall:

(1) Serve and file a designation of those exhibits listed by any other party pursuant to subparagraph (c)(2), as to which identification and authentication is waived;

(2) Serve and file any objections to proposed deposition testimony designated by any other party pursuant to subparagraphs (c)(5) or (c)(6); and

(3) Serve and file a designation, by page and line number, of any deposition testimony to be offered as cross-examination to deposition testimony designated by any other party pursuant to subparagraph (c)(6);

4

(e) On or before May 14, 2007, all parties shall serve and file:

    (1) All proposed voir dire questions;

    (2) Any desired trial briefs.

(f) On or before May 21, 2007, each party defending against an affirmative claim or claims for relief shall serve and file any objections to proposed deposition testimony designated by any other party pursuant to subparagraph (d)(3).

(g) On or before May 29, 2007, all parties shall serve and file:

    (1) Any desired responses to earlier filed trial briefs.

And it is further

ORDERED that the above-styled cause is hereby set for jury trial on the trial docket which commences June 4, 2007, or as soon thereafter during that week as the Court can reach the case, said trial docket continuing through the end of the week of June 11, 2007, at the United States District Courthouse, 222 N. John Q. Hammons Parkway, Springfield, Missouri. The attorneys for the parties shall keep in contact with the Court to determine the status of their trial setting.

                                        /s/ Dean Whipple
                                          **DEAN WHIPPLE**
                                          **CHIEF UNITED STATES DISTRICT JUDGE**

DATED: February 24, 2006            .

(See Rules of Trial attached)

COURTROOM RULES OF TRIAL - Division 1

A. JURY SELECTION

1. The Court will ask qualifying questions and questions from each party's prepared questions.

2. At the conclusion of the Court's questioning, if time permits each attorney will be allowed up to 20 minutes to direct questions to the entire jury panel. An attorney may then direct follow-up questions to a juror who responds to a question directed to the entire panel.

B.  TRIAL

Fed. Rules of Evidence 611: The Court shall exercise reasonable control over the mode and order of interrogation of witnesses and presentation of evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment.

1. Opening statements are limited to 30 minutes for each side.

2. Do not use any aids or exhibits in opening statements unless it is agreeable with opposing counsel.

3. The interrogation of each witness shall consist of Direct Examination; Cross Examination; Re-Direct Examination and Re-Cross Examination. No further questioning will be permitted except in extraordinary circumstances.

4. Interrogation of each witness shall be no longer than 60 minutes without good cause shown. Cross examination shall not be longer than direct. Re-direct shall not be longer than 20 minutes. Re-cross shall not be longer than re-direct.

5. Only one attorney per side may examine each witness (Local Rule 83.3(b) ).

6. Interrogate witness from a reasonable distance and do not badger the witness.

7. Ask leave of Court before you approach a witness.

8. Let the witness give a complete answer. If you want a yes or no answer, you can anticipate the Court will allow the witness to further explain their yes or no answer.

9. At the conclusion of a witness's testimony, each attorney should be prepared to advise the Court if the witness may be excused or held for possible recall.

10. Stand to address the Court (Local Rule 83.3(a) ).

11. When making an objection, it should only be a statement of the reason for the objection; i.e. leading, hearsay, immaterial, etc. If the Court needs more explanation, you will be invited to the bench.

12. A maximum of two expert witnesses shall be allowed to testify for one side on any subject and only to what they have stated in their written and filed opinion.

13. After you question an expert to establish his qualifications DO NOT ask the Court to declare the witness an expert.

14. Each party should have all exhibits marked prior to trial and supply exhibit list to courtroom deputy. Numbers on exhibit list must be the same as numbers on exhibits.

15. Control your clients. Advise them the jury will be watching them. The Court will not tolerate dramatic reaction to testimony of witnesses such as facial or body gestures, verbal response. Do not converse with your client so it can be heard by the jury.

16. Counsel should keep all exhibits they use on direct examination available for use by opponent on cross examination.

C. CLOSING ARGUMENTS

17. Closing arguments are limited to 30 minutes per side and plaintiff shall use at least fifteen minutes during the first closing.

18. No personal attacks on opposing counsel. Do not express your opinion on any issues.

19. Instructions will be read to the jury *before* final arguments. You may use the Court's copy of the instructions.

20. After the jury retires, each side shall assemble their exhibits and keep them available in the courtroom.

21. Attorney and clients should remain in the courthouse while the jury is deliberating and advise the Court where they will be.

22. When the jury returns its verdict, be prepared to tell the Court if you want the jury polled.

23. After the jury is dismissed please take possession of your exhibits from the courtroom deputy and sign for them.

[Rev.11/24/2004]